UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN T. YAPP,<br><br>      Plaintiff(s),<br> v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>      Defendant(s). | CASE NO. 2:22-cv-01364-TL<br><br>ORDER ON PLAINTIFF'S AMENDED COMPLAINT |

  This matter is before the Court on Plaintiff's Amended Complaint. Dkt. No. 10.

  Plaintiff John T. Yapp brings this action against Defendant Metropolitan Life Insurance Company to recover disability benefits under an employee benefit plan insured by Defendant and clarify his rights to future benefits under the plan. Dkt. No. 1-2 at 2–3. The Parties previously stipulated to the extension of Defendant's deadline to respond to the Complaint to October 17, 2022, "in order to allow Plaintiff time to amend the complaint." Dkt. No. 8. Plaintiff subsequently filed the Amended Complaint. Dkt. No. 10. Plaintiff did not explain the basis for

ORDER ON PLAINTIFF'S
AMENDED COMPLAINT - 1

the amendment, nor did he attach a copy of the Amended Complaint showing how it differs from the original Complaint.

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleadings before trial: (1) once as a matter of course within 21 days after serving it *or* within 21 days after service of a responsive pleading or motion; or (2) with the opposing party's written consent or the court's leave.

Local Civil Rule ("LCR") 15 requires that a party "who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading" that indicates "how it differs from the pleading that it amends . . . ." LCR 10(g) also provides that stipulations and stipulated motions "shall be binding on the court only if adopted by the court through an order."

Upon review of the relevant record, it is not clear to the Court under what basis Plaintiff filed the Amended Complaint. The reference to giving Plaintiff "time to amend the complaint" in the Parties' prior joint submission (Dkt. No. 8) suggests that the Amended Complaint was not filed as of right, but should have been filed by stipulation of the parties or with other proof of Defendant's written consent to the amendment. Further, because Plaintiff is permitted only one opportunity to amend his pleadings as a matter of right, it is important to clarify whether the Amended Complaint constitutes Plaintiff's exercise of this one-time right.

Accordingly, the Court hereby ORDERS as follows:

(1) Plaintiff's Amended Complaint (Dkt. No. 10) is STRICKEN.

(2) Plaintiff is DIRECTED to file a motion for leave to amend the complaint or stipulated motion to amend the complaint in accordance with all applicable rules, including LCR 10(g) and 15 if appropriate, **within seven (7) days** of this Order. For the avoidance of doubt, if Plaintiff is amending by stipulation of the Parties or

seeks leave of the Court to file a permissive amendment, Plaintiff must attach a copy of the proposed amendment showing how it differs from the original complaint and must wait for the Court to approve the filing of an amended complaint before filing it. If Plaintiff is amending as of right, Plaintiff must move to amend and show that he is entitled to the amendment under Federal Rule of Civil Procedure 15(a).

(3) Defendant's time to respond to Plaintiff's operative complaint is EXTENDED to **seven (7) days** after the filing of the next amended complaint.

Dated this 12th day of October 2022.

Tana Lin
United States District Judge